No. 11-6050

IN THE

# United States Court of Appeals
### FOR THE FOURTH CIRCUIT
_____

**JULIEN MODICA, MPH, MPP and
THE JMA FOUNDATION, INC.**

**Appellants/Defendants,**
**v.**
**THOMAS LINN ECKERT,
UNITED STATES ATTORNEY, WESTERN
DISTRICT OF VIRGINIA,**

**Appellee/Plaintiff**
_____

**ON APPEAL FROM A FINAL ORDER AND MEMORANDUM OPINION OF
THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA, ROANOKE DIVISION**

_____

**REPLY BRIEF OF APPELLANTS
JMA FOUNDATION, INC and JULIEN MODICA, MPH, MPP**

_____

**Julien Modica, MPH, MPP**
**Pro Se**
**Modica For Senate**
**11951 Freedom Drive**
**13th Floor**
**Reston, VA  20190**
**Office: (703) 251-4433**
**Fax: (703) 251-4528**
**Cell:   (202) 400-5016**

## SUMMARY OF ARGUMENT

The function of a reply brief is not to repeat the arguments made in the appellant's informal brief, but to briefly respond to particular issues raised since appellant's informal brief and raised in the Appellee's informal brief. In keeping with that purpose, this brief will make only the following three arguments.

First, the appellee has declined to directly say anything in the appellee's informal brief, but has chosen to enter into an unrelated email discussion in a manner that provides insight otherwise not understood by This Court or the District Court. The appellant's final email entry has been reproduced verbatim in Attachment A and the following twelve points explain the discussion's relevance to the instant case:

1. The email discussion covers a period from March 1 to March 9.

2. On February 25, 2011, the appellant announced that he will run for the U.S. Senate from the Commonwealth of Virginia to replace the retiring Senator Jim Webb.

3. The emails cover topics ranging from threats to further destroy the appellant's reputation, by Emefa Timpo's mother, through the Washington Post's reporter Tim Craig to the notification that the Appellant's former employee, Emefa Timpo (who worked for Veteran HealthCare, Inc. from December 14th, 2010 to February 5th. 2011), was never serious about her employment at Veteran HealthCare, Inc. (See: Attachment B, C, and D) and had fraudulently contacted the New Jersey unemployment agency with the intent to receive unemployment assistance.

4. After being informed about Ms. Timpo's activities, Execusearch has refused to indulge in further employment assistance for Ms. Timpo.

5.  What is not shown is that on March 11, 2011 at 2:20PM the appellant was
    scheduled to participate in a "fact finding proceeding at the New Jersey
    Department of Labor and Workforce Development," but after the appellant
    exposed Ms. Timpo's actions the proceeding was cancelled due to Ms. Timpo's
    non-participation.

6.  At 3:40 on March 11, 2011, the Appellant spoke with Cindy Schaffer (ph: 609-
    292-9142) and was informed of the latter result.

7.  The significance of Tim Craig is that it was his Washington Post article, "Warner
    Challenger has past criminal record" that wrongly describes the events surrounding
    the instant case, which directly prevents the appellant from getting the political
    support necessary for him to run a successful campaign for the U.S. Senate.

8.  Without the written evidence unknowingly provided to the appellant by Ms. Timpo,
    herself, Tim Craig's article would have directly forced the appellant to pay Ms.
    Timpo a wage she did not earn and the State of New Jersey unemployment
    assistance to which Ms. Timpo does not qualify.

9.  Whether she realizes it or not, appellant's due diligence has prevented Ms. Timpo
    from committing a serious crime against the State of New Jersey.

10. Scenarios similar to this have happened twice to the appellant since the publication
    of Tim Craig's article and in both cases circumstances have left the appellant
    absolutely defenseless.

11. In the two previous cases where the appellant has been bullied into paying people,
    where the proper actions by the appellant may not have been clear from the email
    communication, the appellant has cc'd Tom Eckert, Amber Pace, Dee rivers and

Debbie Smoot, multiple times notifying them of what was happening. There has never been an objection.

12.  During the instance with Ms. Timpo, where her activities, detailed in an email, clearly support the response by the appellant, the appellant immediately received demands to remove all four of them from the email list. This raises the ethical question, is the government overseeing the activities of its citizens or, in the case of the appellant, trying to prove its punitive actions right or wrong.

Second, in Attachment E, an exact view is shown of the pole-vault runway, the appellant saw in his February 1976 pole-vaulting injury. To make matters worse, the pole-vaulting box was made out of 2X4's with an aluminum base and place on top of the gymnasium floor. This is gross negligence, the appellant has never been compensated and because of the statute of limitations never will. The details of which are described in the appellant's informal brief.

Third, in Attachment F, the appellant presents his opinion of the current crisis with veterans diagnosed with Brain Injury/PTSD/Depression and the positive impact to society the appellant can ans will make if elected to the U.S. Senate. This last point is why it is so crucial the appellant's conviction is reversed

CONCLUSION

For the reasons contained in this Reply Brief and the Appellants informal brief, Appellants request that the decision of the United States District Court for the Western District of Virginia, Roanoke Division, be reversed.

_____

Julien Modica, MPH, MPP
Pro Se
Modica For Senate
11951 Freedom Drive
13th Floor
Reston, VA  20190
Office: (703) 251-4433
Fax: (703) 251-4528
Cell:   (202) 400-5016

CERTIFICATE OF SERVICE

I hereby certify that on March 15th, 2011, I filed this Appellant's Reply Brief pursuant to the CM/ECF system.

_____

Julien Modica, MPH, MPP
Pro Se
Modica For Senate
11951 Freedom Drive
13th Floor
Reston, VA  20190
Office: (703) 251-4433
Fax: (703) 251-4528
Cell:  (202) 400-5016